UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-80388-CV-Rosenberg/Reinhart

HOWARD COHAN,

                Plaintiff,

v.

CMX CINEMAS, LLC,

                Defendant.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES AND COSTS (ECF No. 14)**

**THIS CAUSE** is before me upon the District Court's Referral Order (ECF No. 15). Plaintiff brought the instant Motion for Attorney's Fees and Costs (ECF No. 14) following the District Court's entry of a final default judgment in Plaintiff's favor (ECF Nos. 12, 13). Plaintiff's motion was filed on September 1, 2023, and to date Defendant has not filed a response. The time for doing so has passed and Defendant has not sought an extension of the deadline. For the reasons that follow, I **RECOMMEND** that Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 14) be **GRANTED IN PART AND DENIED IN PART.**

**BACKGROUND**

Plaintiff filed the underlying action alleging that violations of the Americans with Disabilities Act (ADA) existed at Defendant's place of business. ECF No. 1. Defendant failed to appear in the action or respond to the Complaint which resulted

in a Clerk's Entry of Default. ECF No. 9. Thereafter, the District Court granted Plaintiff's motion for a default judgment as to liability and injunctive relief and denied without prejudice Plaintiff's request for attorney's fees and costs. ECF Nos. 12, 13. Currently before me is Plaintiff's renewed request for fees, costs, and expenses in the amount of $7,689.00. ECF No. 14.

## DISCUSSION

*1. Plaintiff's Status as Prevailing Party*

Generally speaking, in American litigation each party in a lawsuit bears its own attorney's fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, there are statutory and contractual exceptions. Here, the ADA provides that the court "may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . ." 42 U.S.C. §12205.

*2. Calculation of Attorney's Fees: the Lodestar Method*

In calculating attorney fee awards, courts use the lodestar method, whereby a reasonable fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *Barnes*, 168 F.3d at 427 (*citing Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).[1]

---

[1] Some of the factors courts should consider in computing the lodestar amount are (1) the time and labor required, the novelty, complexity, and difficulty of the

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

The Court must consider "what a reasonable, paying client would be willing to pay," bearing in mind "*all* of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees," including the *Johnson* factors. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008) (court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively") (*emphasis in original*). In addition, the Court may consider prior hourly rates awarded to other attorneys of similar experience in the community and also the Court's own knowledge of the rates charged by local practitioners. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96-97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly

---

questions involved, as well as the requisite skill level; (2) the fee customarily charged in the locality for comparable legal services; (3) the significance of the matter, the amount involved, and the results obtained; and (4) the experience, reputation, and ability of the lawyer. *See Wachovia Bank v. Tien,* No. 04-20834, 2015 WL 10911506, at *1 (S.D. Fla. Apr. 7, 2015) (J. Valle) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)).

rate."). *See also Norman*, 836 F.2d at 1303 ("[t]he court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . .").

As to the type of evidence that the fee claimant should produce in support of a fee claim, in *Barnes*, the Eleventh Circuit stated,

> The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. That burden includes supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity.

168 F.3d at 427 (citations and quotations omitted).

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301 (*emphasis in original*)).

Even though Defendant has not objected to the amount of fees and costs requested, I am nevertheless obligated to conduct an independent analysis to ensure that the attorney's fees sought are reasonable. *See Barnes*, 168 F.3d at 428

("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

### A. *Attorney's Hourly Rate*

Plaintiff is represented in this lawsuit by Attorney Gregory Sconzo. Mr. Sconzo is an experienced attorney who specializes in prosecuting ADA cases and frequently represents Plaintiff Cohan, who "acts as a 'tester' for the purpose of discovering" ADA violations in public accommodations. *See* Sconzo Affidavit at ¶¶ 2,4 (ECF No. 14-1); Complaint at ¶ 16. Ms. Sconzo is seeking an hourly rate of $350.00. This Court is familiar with the hourly rates typically charged in ADA cases in this District and finds that the hourly rate sought here is consistent with rates typically awarded in ADA cases. *See Cohan v. Deerfield Dandee, Inc.,* No. 18-63006-CIV, 2019 WL 13261025, at *4 (S.D. Fla. June 21, 2019) (awarding Mr. Sconzo his hourly rate of $350), report and recommendation adopted, No. 18-63006-CIV, 2019 WL 13261024 (S.D. Fla. Sept. 16, 2019).

### B. *Hours Expended*

Mr. Sconzo's billing records indicate that he and his legal assistant spent 13.1 hours litigating this case on behalf of Plaintiff over a four-month period. ECF No. 14 at 2. During this time, Plaintiff's counsel filed a complaint, moved for a clerk's entry of default, and filed a motion for default judgment. In addition, Plaintiff's counsel conferred with an expert about the ADA violations present at Defendant's place of business.

I find that some of Mr. Sconzo's billing entries are duplicative (*see* identical entries on March 6 and 7, 2023) and that others charge excessive time for simple tasks, particularly given Mr. Sconzo's familiarity with ADA cases (i.e., filling out a cover sheet and summons form, reviewing routine Court orders and clerk's office entries on the docket, etc.). Accordingly, I recommend that Mr. Sconzo's time be reduced to 10.6 hours, for a total of $3,710.00.[2]

*3.  Plaintiff's Motion for Costs*

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute. *See* Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991). However, such presumption is not without limits, and courts may only tax costs as authorized by statute. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co.*, 482 U.S. at 441-442. This section provides in part,

---

[2] I recommend that the .5 hours spent by Mr. Sconzo's legal assistant be denied. In addition to there being no documentation such as a resume to support the hourly rate, the work performed by Mr. Sconzo's legal assistant was clerical in nature. *See Kahn v. Cleveland Clinic Fla. Hosp.*, No. 16-61994-CIV, 2020 WL 10502419, at *6 (S.D. Fla. Apr. 20, 2020) (court eliminated time spent by Mr. Sconzo's assistant on clerical tasks).

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Notably, courts have interpreted 42 U.S.C. § 12205 to expand costs awarded in ADA cases beyond those usually awarded under §1920.

> Neither Section 12205, nor the statute on which it was based, 42 U.S.C. § 1988, defines the term "costs." However, the Court agrees with Plaintiff that the inclusion of the term "litigation expenses, and costs" in the statute indicates that the intent was to make the statute much broader than simple "costs" statutes, and to allow for the recovery of all litigation expenses as well.

*Brother v. BFP Investments, Ltd.*, 2010 WL 2978077, at *8 (S.D. Fla. June 1, 2010), report and recommendation adopted, 2010 WL 2978080 (S.D. Fla. July 26, 2010).

Here, Plaintiff seeks to recover $3,204.00 in costs. ECF No. 14 at 4. These costs are listed as follows:

| | |
|---|---|
| Filing Fee | $ 402.00 |
| Process Server Fee | $   52.00 |
| Expert Fees | $2,750.00 |
| | |
| TOTAL: | $3,204.00 |

The fees for filing the complaint in federal court and service of process on the Defendant are taxable costs and should be awarded. *See Watson v. Sea Grill of*

*Coral Gables, LLC*, No. 22-CV-20601-JEM, 2022 WL 18108547, at *4 (S.D. Fla. Dec. 19, 2022) (prevailing ADA plaintiff entitled to receive $402.00 for clerk's filing fee), report and recommendation adopted, No. 22-20601-CIV, 2023 WL 34690 (S.D. Fla. Jan. 4, 2023); *Wish v. MSC Crociere S.A.*, 2009 WL 347793, at *1 (S.D. Fla. Feb. 11, 2009) (court can award private process servers' fees, provided their rates do not exceed those charged by the U.S. Marshal, which is currently $65.00/hr) (citing 28 C.F.R. § 0.114(a)(3)).

Similarly, Plaintiff's expert's fee is compensable. The expert verified that the violations reported by Plaintiff were accurate, reviewed and explained photographs to the attorney, and provided analysis that the property was not in compliance with the ADA guidelines. Thus, I find that the expert's fee is reasonable and that Plaintiff is entitled to reimbursement for it. *See Houston v. S. Bay Inv'rs No. 101, LLC*, 2013 WL 3874026, at *3 (S.D. Fla. July 25, 2013) (court awarded ADA expert fees in the amount of $2,812.00); *Raetano v. Burzynski*, 2009 WL 691921, at *2 (M.D. Fla. Mar. 13, 2009) (expert's fee falls within the scope of ADA litigation expenses and costs).

## RECOMMENDATION

In conclusion, I **RECOMMEND** that Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 14) be **GRANTED IN PART AND DENIED IN PART** in that Plaintiff recover attorney's fees in the amount of $3,710.00 and costs in the amount of $3,204.00, for a total award of $6,914.00.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel does not intend to file objections, counsel shall file a notice to that effect within FIVE DAYS of this report and recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 27th day of October, 2023.

_____
BRUCE E. REINHART
United States Magistrate Judge